UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
IAN T. COOKE                  :   Civil No. 3:21CV01244(SALM)
                              :
v.                            :
                              :
THOMAS KENNY, ROBERT MAJOR,   :   February 11, 2022
and BONNIE HAKINS             :
                              :
------------------------------X
```

**INITIAL REVIEW ORDER -- SECOND AMENDED COMPLAINT**

Self-represented plaintiff Ian T. Cooke, a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC"),[1] has filed a Second Amended Complaint in this action against defendants Thomas Kenny, Robert Major, and Bonnie Hakins. See generally Doc. #13-1. Plaintiff asserts two claims in the Amended Complaint: (1) retaliation for failure to become an informant, in violation of the First Amendment, against all defendants; and (2) common law tortious interference against defendants Kenny and Major. See id. at 5-18.

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reports that plaintiff was sentenced to a term of imprisonment on June 16, 2010, that has not expired. See http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=340812 (last visited Feb. 11, 2022).

I.  **STANDARD OF REVIEW**

Under section 1915A of Title 28 of the United States Code, the Court <u>must</u> review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The Court then must "dismiss the complaint, or any portion of the complaint, if" it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Review of amended (and second amended) complaints is proper and, indeed, required, under this provision.

II. **DISCUSSION**

    A.  **Count One -- Retaliation**

Plaintiff reasserts the First Amendment retaliation claim in Count One of the Second Amended Complaint. This count shall proceed to service of process.

    B.  **Count Two -- Tortious Interference**

Plaintiff reasserts the Tortious Interference claim, now at Count Two, against only defendants Kenny and Major. Plaintiff has now adequately alleged the elements of this claim. This count shall proceed to service of process.

    C.  **Requests for Injunctive Relief**

Plaintiff reasserts claims for injunctive relief against

defendants in their official capacities. See Doc. #13-1 at 19-20. Plaintiff seeks two specific forms of injunctive relief: (1) enjoining the named defendants from retaliating against him in the future or from encouraging others to do so, id. at 19; and (2) ordering "DOC to implement an oversight protocol to prevent abuse by SD personnel, to include, inter alia, formal guidance for solicitation of inmate informants and prohibition on retaliation for refusal to inform." Id. The first request was not included in the prior complaint, whereas the second was.

As to the first request, plaintiff alleges that there is "the potential for the plaintiff to come under the supervision of one of more of these defendants in the future." Id. This mere possibility is insufficient to support a request for injunctive relief, and plaintiff's "fear of future retaliation ... is not an allegation of an ongoing violation of federal law." Pagan v. Rodriguez, No. 3:20CV00251(JAM), 2020 WL 3975487, at *8 (D. Conn. July 12, 2020). Furthermore, to the extent the request seeks to force DOC to restrict defendants' contacts or assignments, such a request is improper. See Lopez v. Semple, No. 3:18CV01907(KAD), 2019 WL 109339, at *5 (D. Conn. Jan. 4, 2019) ("This Court cannot order disciplinary action against the Defendants even should a violation by those Defendants be proven." (citing Osuch v. Gregory, 303 F. Supp. 2d 189, 194 (D. Conn. 2004))).

The second request was previously dismissed, and remains dismissed. This request seeks injunctive relief on behalf of the inmate population as a whole, rather than relief addressed to plaintiff's individual situation. Plaintiff lacks standing to seek such relief. See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc., 821 F.3d 352, 358 (2d Cir. 2016). Furthermore, this request seeks relief from "DOC" which is not a defendant in this matter, and the relief sought is not obtainable from the individual defendants named in this case, who are not alleged to be responsible for general DOC policy. "[I]nasmuch as Plaintiff seeks injunctive relief against a non-party, such relief is not available." Brown v. Chappius, No. 13CV00105(LGF), 2015 WL 5316356, at *2 (W.D.N.Y. Sept. 10, 2015).

For the foregoing reasons, plaintiff's requests for injunctive relief, and all claims against defendants in their official capacities, are **DISMISSED, pursuant to 28 U.S.C. §1915A(b)(1).**

### III. ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

**(1)** This matter may proceed to service of process on both counts against defendants in their individual capacities for damages. The Clerk is directed to docket the Second Amended Complaint (Doc. #13-1) as a separate docket entry.

~ 4 ~

**(2)** The Clerk, upon receiving information from the Department of Correction's Office of Legal Affairs concerning the defendants' present locations within the Department of Correction shall mail a waiver of service of process request packet, including a copy of the SAC and this Order to defendants Thomas Kenny, Robert Major, and Bonnie Hakins.

The Clerk shall report to the Court on the status of the waiver requests on or before **March 31, 2022**. If any defendant has failed to waive service of process, the Clerk shall make arrangements for in-person service on that defendant by the U.S. Marshal Service, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

**(3) CHANGES OF ADDRESS**: If plaintiff changes his address at any time during the litigation of this case, he **MUST** file a Notice of Change of Address with the Court. **Failure to do so may result in the dismissal of the case**. Plaintiff must give notice of a new address even if he remains incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put a new address on a letter or filing without indicating that it is a new address.

**(4)** Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court. He is advised that the Program may be used only to file documents with the Court.

Discovery requests and responses should **not** be filed on the docket, except when required in connection with a motion to compel or for protective order. See D. Conn. L. Civ. R. 5(f). Discovery requests and responses or objections must be served on defendants' counsel by regular mail.

**(5)** The clerk shall send courtesy copies of the Amended Complaint (Doc. #13-1) and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

A separate case management order will issue once counsel for any defendant files an appearance in this matter.

It is so ordered this 11th day of February, 2022, at New Haven, Connecticut.

\_\_\_\_/s/_____
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE